Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 5848 91



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

HEALTHY ALLIANCE LIFE INSURANCE COMPANY
WELLPOINT INC
120 MONUMENT CIRCLE
INDIANAPOLIS, IN 46204

**Control Number:** 245315

**Defendant:** HEALTHY ALLIANCE LIFE
INSURANCE COMPANY
120 MONUMENT CIRCLE
INDIANAPOLIS, IN 46204 US

**Agent:** WELLPOINT INC

**County:** Logan

**Civil Action:** 19-C-115

**Certified Number:** 92148901125134100002584891

**Service Date:** 9/12/2019

I am enclosing:

**1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

Exhibit A

# SUMMONS

E-FILED | 9/9/2019 4:53 PM
CC-23-2019-C-115
Logan County Circuit Clerk
Mark McGrew

## IN THE CIRCUIT OF LOGAN WEST VIRGINIA

### Tammy Allred v. Healthy Alliance Life Insurance Company d/b/a Anthem Blue Cross and Blue Shield

Service Type:   Secretary of State - Certified - Including Copy Fee

NOTICE TO:   Healthy Alliance Life Insurance Company d/b/a Anthem Blue Cross and Blue Shield, CT Corporation System, 1627 Quarrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Michael Cary, 122 Capitol St Ste 200, Charleston, WV 25301

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

9/9/2019 4:53:17 PM                          /s/ Mark McGrew

Date                                          Clerk

RETURN ON SERVICE:

☐  Return receipt of certified mail received in this office on  _____

☐  I certify that I personally delivered a copy of the Summons and Complaint to  _____

☐ Not Found in Bailiwick

_____              _____

Date                              Server's Signature

# COVER SHEET

E-FILED | 9/9/2019 4:53 PM
CC-23-2019-C-115
Logan County Circuit Clerk
Mark McGrew

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF LOGAN COUNTY WEST VIRGINIA

**Tammy Allred v. Healthy Alliance Life Insurance Company d/b/a Anthem Blue Cross and Blue Shield**

**First Plaintiff:** ☐ Business ☑ Individual    **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other                     ☐ Government ☐ Other

**Judge:** Eric O'Briant

## COMPLAINT INFORMATION

**Case Type:** Civil            **Complaint Type:** Other

**Origin:** ☑ Initial Filing ☐ Appeal from Municipal Court ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No    **Case will be ready for trial by:** 9/9/2020

**Mediation Requested:** ☐ Yes ☑ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

     ☐ Wheelchair accessible hearing room and other facilities

     ☐ Interpreter or other auxiliary aid for the hearing impaired

     ☐ Reader or other auxiliary aid for the visually impaired

     ☐ Spokesperson or other auxiliary aid for the speech impaired

     ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney: Michael Cary, 122 Capitol St Ste 200, Charleston, WV 25301

## SERVED PARTIES

**Name:**          Healthy Alliance Life Insurance Company d/b/a Anthem Blue Cross and Blue Shield

**Address:**       CT Corporation System 1627 Quarrier Street, Charleston WV 25311

**Days to Answer:** 30                    **Type of Service:** Secretary of State - Certified - Including Copy Fee

---

**Name:**          Anthem Blue Cross Life and Health Insurance Company

**Address:**       CT Corporation System 818 West Seventh Street, Suite 930, Los Angeles CA 90017

**Days to Answer:** 30                    **Type of Service:** Secretary of State - Certified - Including Copy Fee

E-FILED | 9/9/2019 4:53 PM
CC-23-2019-C-115
Logan County Circuit Clerk
Mark McGrew

## IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

**TAMMY ALLRED,**
      **Plaintiff,**

**v.**
                                **CIVIL ACTION NO.: 19-C-115**
                                **Honorable Judge O'Briant**

**ANTHEM BLUE CROSS LIFE AND**
**HEALTH INSURANCE COMPANY,**
      **Defendant.**

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Tammy Allred, by counsel, Michael M. Cary of Cary Law Office, PLLC, and hereby states as follows for her grounds in the Amended Complaint:

## PARTIES

1.    The Plaintiff, Tammy Allred, is and was at all times relevant, a resident of Chapmanville, Logan County, West Virginia.

2.    Upon information and belief and at all times relevant, the Defendant, Anthem Blue Cross Life and Health Insurance Company d/b/a Anthem Blue Cross and Blue Shield (hereinafter "Anthem BCBS" or "Anthem"), is a corporation that is incorporated under the laws of and has its principal place of business in the State of California. Defendant does not have a registered agent for service of process in the State of West Virginia. Service of process on the defendant may be made by serving its registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930 Los Angeles, California 90017.

## JURISDICTION AND VENUE

3.    That venue is proper in this Court pursuant to West Virginia Code § 56-1-1, as amended, as this cause of action arose in Logan County, West Virginia.

1

4.     That jurisdiction is proper in this Court, pursuant to West Virginia Code § 51-2-2, as amended, as the amount in controversy, excluding interest, exceeds the maximum jurisdictional limits of this Court.

## BACKGROUND

6.     The Plaintiff, Tammy Allred, is and was at all times relevant, insured through her husband, William Allred's employer, Ramaco Resources, with premiums being deducted from his paycheck and sent directly to the Defendant, Anthem Blue Cross Blue Shield.

7.     On or about May 23, 2019, the Plaintiff, Tammy Allred, was rushed to the Logan Regional Medical Center in Logan, West Virginia due to chest pains and pain in her arm. Immediately after tests were performed, Plaintiff Allred was transported via ambulance from Logan Regional Medical Center to Charleston Area Medical Center Memorial Hospital in Charleston, West Virginia where she was admitted and remained for the next three days as a result of a heart attack.

8.     During her hospitalization, the Plaintiff, Tammy Allred, underwent multiple procedures, including an echocardiogram, EKG, and percutaneous coronary intervention (PCI) or angioplasty. Upon reviewing the results of her testing, Plaintiff Allred was informed that she would need to wear a Wearable Cardioverter Defibrillator due to the low percentage heart functioning she was exhibiting and her additional risk factors of suffering from sudden cardiac arrest and irregular heart arrythmia. Moreover, a formal request was submitted to the Defendant by Dr. Adnan M. Nahla, M.D. for the Wearable Cardioverter Defibrillator.

9.     However, this request was denied by the Defendant, and Plaintiff Tammy Allred was discharged upon information that the request for the medically necessary device would not be

approved and that furthermore her hospital stay beyond May 26, 2019 would not be covered by the insurance policy with Defendant Anthem.

10.     On May 31, 2019, the Plaintiff underwent an echocardiogram in the office of her cardiologist, Dr. Casey Hager at Boone Memorial Hospital in Madison, West Virginia. Dr. Hager is also employed through the Charleston Area Medical Center.

11.     The following week, Plaintiff Tammy Allred received a call from her Dr. Hager's office stating that the echocardiogram revealed that her heart functioning had decreased to twenty-eight (28) percent and that he was in agreement with Dr. Nahla, M.D. from CAMC Memorial that the Plaintiff needed the Wearable Cardioverter Defibrillator, thus another request was made to the Defendant.

12.     Upon information and belief, all formal requests made by cardiologist, Dr. Casey Hager at Boone Memorial Hospital, on behalf of the Plaintiff, Tammy Allred, for a Wearable Cardioverter Defibrillator have been denied by the Defendant, Anthem Blue Cross Blue Shield as not medically necessary.

13.     Furthermore, Dr. Casey Hager and Dr. Nahla of Charleston Area Medical Center have submitted documentation to Defendant Blue Cross Blue Shield stating that patient, Plaintiff Tammy Allred, is at high risk for cardiac arrest and irregular heart arrythmia, which if left undetected and without a Wearable Cardioverter Defibrillator, can be fatal.

14.     At the time of the Plaintiff's claim, the Anthem Blue Cross Blue Shield health insurance policy was in full force and effect.

15.     On May 30, 2019, the Defendant, Anthem Blue Cross Blue Shield, sent a declination letter to the Plaintiff stating that "...this request is denied as investigational and not

medically necessary." Therefore, Defendant Anthem denied the request for Plaintiff Allred's Wearable Cardioverter Defibrillator before performing an adequate investigation into the claim.

16. Despite attempts made by the Plaintiff, her cardiologist, Dr. Casey Hager, and Dr. Adnan M. Nahla at CAMC Memorial Hospital, to obtain approval of the request for the Wearable Cardioverter Defibrillator by the Defendant, Anthem Blue Cross Blue Shield, under her policy, the Defendant, Anthem Blue Cross Blue Shield, failed to honor the plaintiff's claim and issue payment and has thus violated the terms and conditions of this policy.

17. Defendant Anthem BCBS is liable for the acts of its employees, agents, representatives, co-conspirators, affiliates, and related entities under the theories of *respondent superior*, agency, conspiracy, joint venture, joint enterprise, as parents-subsidiaries or under corporate veil piercing. Accordingly, Defendant Anthem BCBS is equally, co-extensively, and jointly and severally liable for each and every act of its employees, agents, representatives, co-conspirators and related entities. Where reference is made herein to one or more of the Defendants and its employees, agents, representatives, co-conspirators or related entities, the Plaintiff intends that any such act, conduct or reference is attributable to the Defendant through these theories of vicarious liability.

18. As a result of the Defendants' improper evaluation of Plaintiff's claim, the Plaintiff incurred out-of-pocket expenses for obtaining the medically necessary device, suffered annoyance, stress, anxiety, inconvenience, and, hardship.

19. The Defendants' conduct as set forth herein has caused the Plaintiff undue and unreasonable harassment, oppression, abuse, aggravation, annoyance, and inconvenience by having to bring suit due to the illegal conduct of the Defendants.

20.     As a result of Defendants' conduct, the Plaintiff was forced to retain counsel thereby incurring attorney fees and costs.

## COUNT I – BREACH OF CONTRACT

21.     The Plaintiff reincorporates by reference Paragraphs 1 through 20 of this Amended Complaint as if fully set forth herein.

22.     The Defendant owed the Plaintiff a duty to perform a thorough and diligent evaluation and investigation of the Plaintiff's claim and damage prior to the denial of insurance coverage under her insurance policy.

23.     Defendant Anthem BCBS's conduct as set forth herein constitutes a breach of contractual duties owed to Plaintiff.

24.     As a proximate cause of Defendant's conduct, the Plaintiff has suffered damages as set forth herein.

25.     Defendant Anthem's actions were willful, wanton, reckless, and/or otherwise sufficiently reprehensible to justify an award of punitive damages.

## COUNT II – NEGLIGENCE

26.     The Plaintiff reincorporates by reference Paragraphs 1 through 25 of this Amended Complaint as if fully set forth herein.

27.     Defendant Anthem BCBS owed a duty to Plaintiff to thoroughly investigate and evaluate the Plaintiff's claim for damages.

28.     Defendant Anthem's conduct as set forth herein constitutes a breach of duties owed to the Plaintiff.

5

29.     That, as a direct and proximate result of the Defendants' negligence, the Plaintiff, Tammy Allred has incurred substantial pecuniary and non-pecuniary damages as she has been placed in a position where the Defendant has denied her attending physician and cardiologist's repeated requests for the Wearable Cardioverter Defibrillator.

30.     Defendant Anthem's actions were willful, wanton, reckless, and/or otherwise sufficiently reprehensible to justify an award of punitive damages.

## COUNT III - UNFAIR CLAIMS SETTLEMENT PRACTICES ACT AND INSURANCE REGULATIONS

31.     The Plaintiff reincorporates by reference Paragraphs 1 through 30 of this Amended Complaint as if fully set forth herein.

32.     The Unfair Trade Practice Act of West Virginia Code § 33-11-1, *et seq.* and more specifically, the Unfair Claims Settlement Practices Act, West Virginia Code § 33-11-4, sets out certain prohibited conduct that insurance companies doing business in the State of West Virginia are prohibited from engaging in such conduct.

33.     Anthem violated the West Virginia Unfair Trade Practices Act and more specifically, the Unfair Claims Settlement Practices Act in the handling of the Plaintiff's claim.

34.     The Defendant, in violation of the Unfair Trade Practices Act and more specifically, the Unfair Claims Settlement Practices Act, has acted with actual malice.

35.     Anthem's violations of the Unfair Trade Practices Act and more specifically, Unfair Claims Settlement Practices Act, has occurred with such frequency as to amount to a general business practice.

36.     The Plaintiff, Tammy Allred, has completed and performed all conditions of the policy on her part to be performed.

6

37.    The Plaintiff, Tammy Allred, has been forced to sue to recover the benefits under said policy due to Defendant, Anthem's failure to honor the plaintiff with the appropriate benefits that are required under the insurance contract.

38.    The Defendant and their agents, have violated West Virginia 114 CSR 14-4.1 *et. seq.* in their handling of the plaintiff's claim.

39.    As a further direct and proximate result of the Defendants' breach of the contract and violations of the Unfair Trade Practices Act and more specifically, the Unfair Claims Settlement Practices Act, and 114 CSR 14-4.1, the Plaintiff, Tammy Allred, has suffered extreme aggravation, emotional stress, pain and suffering, mental anguish, embarrassment, economic loss, inconvenience, attorney fees, costs and expenses.

## COUNT IV – COMMON LAW BAD FAITH

40.    The Plaintiff reincorporates by reference Paragraphs 1 through 39 of this Amended Complaint as if fully set forth herein.

41.    To the extent that Plaintiff prevails in the litigation of this claim, Plaintiff is entitled to *Hayseeds'* damages including, but not limited to, reasonable attorney fees, interest and costs in addition to consequential damages, including an award for aggravation, inconvenience and net economic loss.

42.    The issuance of said insurance contracts by Defendant Anthem and its affiliates created a contractual relationship between the Defendants and the Plaintiff, thereby subjecting said Defendants and/or their agent to the implied in law duty to act fairly and in good faith in order not to deprive Plaintiff of the benefits of the insurance contracts.

43.    That the said Defendant acted willfully, in breach of contract, maliciously, fraudulently, and intentionally in refusing to provide appropriate coverage; consider the nature and

extent of Plaintiff's loss and refusing to pay the full value of Plaintiff's claim for coverage without valid cause; delaying the claims process; and failing to fully and properly investigate, evaluate and resolve the claim when the damages were clear.

44.     The acts described in this Amended Complaint were done in breach of contract, knowingly, intentionally, and with the purpose of discouraging, avoiding, or reducing the payment due the Plaintiff under the terms of the policies and such actions amount to first party "bad faith" on the part of the Defendants.

45.     That said Defendant's breach of contract, negligent and intentional refusal to pay the full value of the Plaintiff's valid claim, it was a breach of the implied in law duty of good faith and fair dealing in operating to unreasonably deprive Plaintiff of the benefits of the insurance policies.

46.     That Defendant's negligent and intentional refusal to pay the full value of the Plaintiff's valid claim was malicious, fraudulent, oppressive, and otherwise reflected a conscious disregard of Plaintiff's rights.

47.     As a further direct and proximate result of the "bad faith" actions of the Defendant in refusing to pay the full value of the claim and in denying Plaintiff's full coverage and in doing the things herein and hereafter complained of, and in otherwise repudiating and breaching said insurance contracts and, more specifically, the implied covenants of good faith and fair dealing embodied therein, have been negligent, reckless, tortious, fraudulent, deceptive, defiant, intentional, willful, wanton, and deliberate and constitutes, among other things, bad faith and breach of contract upon the part of the Defendants, all of which occurred before and during litigation, the Plaintiff, Tammy Allred, has suffered extreme aggravation, emotional stress, pain

and suffering, mental anguish, embarrassment, economic loss, inconvenience, attorney fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, based upon the above allegations, the Plaintiff, Tammy Allred, demands judgment against the Defendant, Anthem Blue Cross Blue Shield, as follows and as pled within the above Amended Complaint:

   a.  Compensatory damages for the Plaintiff's general and special damages set forth above in an amount to be determined by a jury;

   b.  Pain, suffering, inconvenience, undue and unreasonable harassment, oppression, abuse, aggravation, annoyance, lost wages, loss of enjoyment of life, and other general damages as permitted by law, all of which will continue in the future, in an amount to be determined by a jury;

   c.  Punitive damages for the intentional, willful, wanton, oppressive, malicious and/or reckless conduct of the Defendants;

   d.  Pre-judgment interest;

   e.  Post-judgment interest (if applicable);

   f.  An award of interest, costs, and attorney fees incurred in the prosecution of this action; and

   g.  All other and further relief deemed just and proper under the law.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                                  TAMMY ALLRED,
                                                  By Counsel,

Michael M. Cary, Esq. (WV State Bar ID 11980)
Cary Law Office, PLLC
122 Capitol Street, Suite 200
Charleston, WV 25301
T: 304-804-6369
F: 681-265-3801

## STIPULATION

Now comes the Plaintiff, individually and by counsel, and enters into this binding stipulation regarding her claim in this action. Plaintiff hereby irrevocably stipulates that she is not seeking and will not accept any recovery, including equitable relief, in excess of the sum of $74,999.00 (inclusive of attorney fees) exclusive of interest and costs. By this stipulation, Plaintiff agrees not to seek an amount in excess of the sum of $74,999.00 (inclusive of attorney fees) exclusive of interest and costs and hereby agrees to remit to the Defendants any sum awarded in excess of that amount. The Plaintiff expects and intends that this stipulation be irrevocable.

I, Tammy Allred , do solemnly swear and affirm, under the penalty of perjury, that the statements given hereinabove are the truth, the whole truth and nothing but the truth.


*Tammy Allred*
TAMMY ALLRED

*Michael M. Cary*
Michael M. Cary, Esq.
Cary Law Office, PLLC
122 Capitol Street, Suite 200
Charleston, WV 25301
T: 304-804-6369
WV State Bar ID: 11980


STATE OF WEST VIRGINIA
COUNTY OF Kanawha , to-wit:


Subscribed and sworn before me this 30 day of July , 2019.

My commission expires April 11 2021 .

(Seal)

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Kimberly L. MAY
Hilliard & Swartz, LLP
124 Capitol Street, Suite 201
Charleston, WV 25301
My Commission Expires April 11, 2021

Notary Public

 West Virginia E-Filing Notice

CC-23-2019-C-115

Judge: Eric O'Briant

**To:** Anthem Blue Cross Life and Health Insurance Company
CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

Tammy Allred v. Healthy Alliance Life Insurance Company d/b/a Anthem Blue Cross and Blue Shield

CC-23-2019-C-115

The following amended complaint was FILED on 9/9/2019 4:53:17 PM

Notice Date: 9/9/2019 4:53:17 PM

Mark McGrew

CLERK OF THE CIRCUIT

Logan

Room 311

LOGAN, WV 25601

(304) 792-8550

mark.mcgrew@courtswv.gov